### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL RUSSI, | : | |
|    *Petitioner,* | : | |
| | : | CIVIL ACTION |
| v. | : | NO.: 20-4580 |
| | : | |
| BARRY SMITH, *et al.*, | : | |
|    *Respondents*. | : | |

### **MEMORANDUM**

**January 12, 2022**

**I.     INTRODUCTION**

On October 29, 2013, Miguel Russi ("Petitioner") entered a hybrid-type guilty plea to two (2) counts of robbery and conspiracy. That same day, he was sentenced to twenty-five (25) to fifty (50) years of imprisonment. Nearly seven (7) years later, on September 14, 2020, Petitioner filed a Petition for Writ of Habeas Corpus (hereinafter "Habeas Petition"), pursuant to 28 U.S.C. § 2254. In a Report and Recommendation (hereinafter "R&R"), the Honorable United States Magistrate Judge Elizabeth T. Hey recommended that the Habeas Petition be denied with prejudice and dismissed without an evidentiary hearing for being time-barred. Presently before the Court are Petitioner's objections to Magistrate Judge Hey's R&R. Therein, Petitioner states that his Habeas Petition is entitled to equitable tolling of the limitation period. Having reviewed the filings, the Court agrees with Magistrate Judge Hey that Petitioner's Habeas Petition is time-barred and adopts the R&R in its entirety. Petitioner's Habeas Petition is denied with prejudice.

**II.    PROCEDURAL HISTORY**

Petitioner's underlying Habeas Petition (ECF No. 1) was filed September 14, 2020. The Court referred the Habeas Petition to Magistrate Judge Hey on September 29, 2020 (ECF No. 5), and Magistrate Judge Hey filed her R&R on July 1, 2021 (ECF No. 10), recommending that

Petitioner's claims be dismissed. On July 20, 2021, Petitioner filed his Objection to the R&R (hereinafter "Objections"). ECF No. 11. Therein, he objects to Magistrate Judge Hey's determination that equitable tolling does not apply because he was reasonably diligent in pursuing his rights. Respondents filed a Response to Petitioner's Objections on August 23, 2021 (ECF No. 15), and Petitioner filed a Responsive Reply on September 13, 2021 (ECF No. 16). Petitioner's objections are thus ripe for the Court's review.

### III. STANDARD OF REVIEW

When R&R objections are filed, the district court must conduct a *de novo* review of those portions of the R&R to which objections are made. 28 U.S.C. §636(b)(1). If there are no objections to the R&R, or when reviewing those portions of the R&R to which no objections are directed, the court, as a matter of good practice, should "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection . . . this Court will review [the Magistrate's] Report and Recommendation for 'clear error.'") (internal citations omitted).

Petitioner's objections to the R&R reiterate substantive arguments from his underlying Habeas Petition. Nonetheless, the Court proceeds as if Petitioner properly objected to the outstanding R&R and thus reviews the R&R *de novo*.

### IV. DISCUSSION

#### A. Equitable Tolling

Petitioner objects to the R&R finding that his Habeas Petition is not entitled to equitable tolling. Objections ¶ 1. He argues that equitable tolling applies because extraordinary circumstances (specifically, being uninformed of the denial of the appeal of his Post Conviction

Relief Act ("PCRA") denial and lockdowns from the COVID-19 pandemic) prevented the timely filing of his Habeas Petition. Objections ¶¶ 4-9.

Under 28 U.S.C. § 2244(d)(1)(A), the starting point for counting the one-year statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's judgment became final on October 20, 2016. However, because he filed a timely PCRA petition on September 19, 2017, the limitations period was tolled until May 30, 2019. Accordingly, the one-year limit to file a federal Petition for Habeas Corpus expired on June 30, 2019. Petitioner filed his federal Habeas Petition on September 14, 2020, over a year after the limitation period expired. Therefore, to be timely, Petitioner's Habeas Petition would require equitable tolling to apply.

Equitable tolling is permitted "only when the principle of equity would make the rigid application of a limitation period unfair." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). This principle will apply "when the petitioner has in some extraordinary way been prevented from asserting his or her rights." *Id*. To qualify for equitable tolling, a petitioner must exercise "reasonable diligence in investigating and bringing [the] claims." *Id*. It is Petitioner's burden to show entitlement to equitable tolling and due diligence. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Petitioner has not met this burden. "[A] pro se prisoner is expected to learn when the habeas limitations period expires; his or her lack of legal knowledge does not suffice to establish extraordinary circumstances for equitable tolling[.]" *Dao v. Raupp*, No. 20-CV-1545, 2021 WL 3732952 at *4 (D.N.J. Aug. 24, 2021) (citing *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013)). Similarly, incorrect advice from an attorney does not justify equitable tolling in

non-capital cases. *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (citing *Fahy*, 240 F.3d at 244).

Petitioner argues that it has been particularly difficult for prisoners to understand the status of their cases with the COVID-19 pandemic. Courts have been working to address concerns that parallel Petitioner's and found that "the COVID-19 pandemic does not automatically warrant equitable tolling...The Petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *United States v. Henry*, No. 17-CR-00180, 2020 WL 7332657, at *4 (W.D. Pa Dec. 14, 2020).

In this case, Petitioner claims that he learned about the rejection of his appeal only after he sent an inquiry to the county clerk's office on May 1, 2020.[1] Habeas Pet. 23. Petitioner does not clarify at what date he learned of the denial, but his inquiry was sent nearly five (5) months before he filed the present Habeas Petition. *Compare Pace*, 544 U.S. at 419 (holding that a petitioner did not demonstrate diligent pursuit of his rights when waiting five (5) months after PCRA proceedings became final before seeking federal relief) *with Schlager v. Superintendent Fayette SCI*, 799 F. App'x 938, 940-941 (finding that equitable tolling was appropriate where a petitioner learned on his own that his PCRA appeal had been dismissed and filed a § 2254 petition eighteen (18) days later). Though Petitioner claims that this was the earliest he could file his Habeas Petition due to COVID-19 lockdowns, he fails to specify when the law library was shut down or how its closure impacted his filing. Moreover, though Petitioner inquired as to the status of his appeal during the pandemic, he does not explain how he was diligently pursuing his rights before the pandemic began. *See Donald v. Pruitt*, 853 Fed. App'x 230, 234 (10th Cir.

---

[1] Though Petitioner's inquiry was sent during the height of the COVID-19 pandemic, Petitioner filed his notice of appeal on April 17, 2018. This Appeal was rejected around April of 2019, well before the pandemic ensued.

2021) (declining to apply equitable tolling where the COVID-19 pandemic limited a petitioner's access to the law library when the petitioner failed to show how he was diligently pursuing his rights before the pandemic even began); *Harding v. Warden Mason of SCI Mahoney*, No. 21-CV-02393, 2021 WL 5177711 at * 3 (E.D. Pa. Nov. 8, 2021) (denying equitable tolling where the prisoner failed to demonstrate when a prison law library was closed due to COVID-19 and how its closure specifically prevented him from filing his habeas petition); *Hill v. Kauffman*, No. 21-CV-389, 2021 WL 4467582 at * 5 (E.D. Pa. July 27, 2021) ("Courts have held that a lockdown and limited library access alone do not support a finding that the statute must be equitably tolled.  Rather, petitioner must show that these circumstances actually impeded his ability to file a timely petition." (internal citations omitted)); *Hines v. U.S.*, No. 21-CV-10064, 2021 WL 2456679 at * 3 (S.D.N.Y. June 16, 2021) (holding that equitable tolling does not apply where, even though access to law libraries was restricted, "thousands of prisoners...were able to file motions for compassionate release and other applications during the pandemic despite restrictions.").

Accordingly, Magistrate Judge Hey correctly concluded that equitable tolling should not apply, and Petitioner's Habeas Petition must be dismissed as untimely.

### B. *Arguendo* Review of § 2254 Claims

#### i. Sentencing Court's Abuse of Discretion

Assuming *arguendo* that Petitioner's Habeas Petition was timely, a conclusion this Court does not support, relief would still not be warranted because he fails to state a viable claim for relief.  In support of his Habeas Petition, Petitioner first argues that it was an abuse of discretion for the sentencing court to impose an aggregate sentence of 25 to 50 years because had he been informed of such possibility at the plea hearing, he would have insisted on going to trial.  Habeas

Pet. 5. However, at his plea hearing on October 29, 2013, the Honorable Judge Anthony A. Sarcione meticulously questioned Petitioner about any promises made in exchange for his plea, and Petitioner assured that no particular sentence was promised to him. Specifically, the following exchange transpired:

> THE COURT: I have to give you at least ten years on each conspiracy for felony-1 robbery and each conspiracy and each robbery, felony-1. That's three robberies, three conspiracies. You have to get at least ten years in prison. The only issue I have is whether I run them concurrently or consecutively.
>
> MIGUEL RUSSI: Yes.
>
> THE COURT: And knowing that, you still wish to enter this plea?
>
> MIGUEL RUSSI: Yes.
>
> THE COURT: Has anyone threatened or forced you to plead guilty?
>
> MIGUEL RUSSI: No.
>
> THE COURT: And other than the promise that the DA pointed out about it's a second strike versus a third strike, has anyone promised you anything else to induce you to plead guilty?
>
> MIGUEL RUSSI: Nobody promised me anything.
>
> THE COURT: And you understand it's up to me to decide your fate, your sentence.
>
> MIGUEL RUSSI: Yes.

Plea Hearing Tr., ECF No. 19, 33:21-24; 34: 1-20.

Not only does this exchange demonstrate Petitioner's knowledge no sentence was guaranteed, but he was also made aware that it was entirely within the Judge's discretion to determine an appropriate sentence. Accordingly, this Court is satisfied that Judge Sarcione assured that Petitioner was aware of the potential sentencing consequences at his plea hearing.

Additionally, the Court fails to see how Judge Sarcione abused his discretion in giving Petitioner a sentence that fell within the sentencing guidelines. In fact, the Pennsylvania Superior Court reconsidered Petitioner's sentence in 2016 and found that, even despite Petitioner's advanced age, he fails to put forth sufficient evidence to suggest any indiscretion with his sentence. *See Commonwealth v. Russi*, No. 3587 EDA 2015, 2016 WL 5210837, at *3-4 (Pa. Super. 2016). The Court today is in an inferior position than Judge Sarcione who heard all the evidence presented at the sentencing hearing and fashioned an appropriate sentence. Just because Petitioner may now regret pleading guilty does not mean that there was anything inherently improper with the sentence he received. Thus, Petitioner's allegation that Judge Sarcione abused his discretion at sentencing is entirely unfounded and will not be considered further.

ii.     **Claims Never Presented to State Court**

Petitioner states three (3) other claims for post-conviction relief: (1) his direct appeal counsel filed a post-conviction petition without Petitioner's authorization; (2) plea counsel was ineffective for promising Petitioner a substantially lower sentence if he accepted the guilty plea;[2] and (3) an evidentiary hearing is warranted where none of the grounds raised were decided on the merits. Habeas Pet. 7-10. However, as Petitioner admits, he never sought relief in state court for any such allegations. Habeas Pet. 7-10. Without having exhausted the necessary state court remedies, this Court cannot decide the merits of such claims.

---

[2] Importantly, as previously mentioned, Petitioner specifically stated at his plea hearing that nobody promised him anything in exchange for his guilty plea. Plea Hearing Tr. 34: 13-17. He further admitted that he was satisfied with the services of his attorneys up until that point. Plea Tr. 29:23-24; 30: 1-6. Though Petitioner may be dissatisfied with the *sentence* he ultimately received, there is nothing in the record to suggest that he was promised a particular sentence or was unhappy with his counsel's services at the time of his plea hearing. As the Supreme Court makes clear, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Accordingly, any allegation to the contrary today is insufficient to warrant habeas relief.

Absent extraordinary circumstances, a habeas petition should be dismissed if state court remedies have not been exhausted. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). "The exhaustion rule, while not a jurisdictional requirement, creates a 'strong presumption in favor of requiring the prisoner to pursue his available state remedies.'" *Id*. (quoting *Granberry v. Greer*, 481 U.S. 129, 131 (1987)). The exhaustion requirement under 28 U.S.C. § 2254(c) states that a claim shall not be deemed exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *See also Lambert v. Blackwell*, 134 F.3d 506, 514 (3d Cir. 1997) ("We note that section 2254(b)(2) does not provide the district court with the authority to grant relief on the merits where the petitioner fails to exhaust state remedies."). The petitioner has the burden of proving the exhaustion of all available state court remedies. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

"To demonstrate exhaustion, [Petitioner] must show that the claim asserted in federal court has been 'fairly presented to the state courts.'" *Oliver v. Court of Common Pleas*, 226 Fed. App'x 113, 114 (3d Cir. 2007) (quoting *Ladano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990)). A "claim raised in a federal habeas petition must be the 'substantial equivalent' to that presented to the state courts." *Id*. (quoting *Ladano*, 897 F.2d at 66-669)). The Third Circuit "has interpreted this substantial equivalence standard to require that the factual predicate and legal theory underlying the federal claim first must have been before the state courts." *Id*.

Because Petitioner has failed to present any of the abovementioned habeas claims in state court, his claims are unexhausted under 28 U.S.C. § 2254(b)(1). Given that the one (1) year statute of limitations period for filing a PCRA petition is up, Petitioner has procedurally defaulted on these claims. Accordingly, even if it was timely filed, his Habeas Petition would still require denial.

## V.  CONCLUSION

For the reasons stated herein, Magistrate Judge Elizabeth T. Hey's Report and Recommendation is approved and adopted in full; Petitioner's Objections to the Report and Recommendation are overruled; and his Habeas Petition is dismissed without an evidentiary hearing.  No Certificate of Appealability will be issued.